IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRYSTAL R. SCHINDLER, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-14-3328 |
| PRINCE GEORGE'S COUNTY OFFICE OF CHILD SUPPORT ENFORCEMENT | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was opened on October 23, 2014 upon receipt of Plaintiff's Complaint alleging she was subjected to "cruel and unusual punishment harsh and unnecessary harassment" by Defendant Prince George's County Office of Child Support Enforcement. Compl., ECF No. 1. Plaintiff indicates that despite her living on social security disability benefits and being totally disabled with no means of supporting herself, Defendant seized her Internal Revenue Service refund check "year after year." Attachment to Compl, ECF No. 1-1. She alleges that Defendant is "acting on behalf of person who criminally persecuted [her], have refused to allow visitation, and shifted children from state to state." *Id.* Plaintiff's Motion for Leave to proceed in Forma Pauperis, ECF No. 2, shall be granted.

The Complaint fails to state a claim upon which relief may be granted. First, Plaintiff's allegations amount to a challenge of an existing state order requiring her payment of child support, which this court does not have jurisdiction to review. "Under the *Rooker–Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997,

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

1005–06 (1994)). The *Rooker–Feldman* doctrine is jurisdictional and, as such, this court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir.1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391.

Secondly, the complaint fails to state a federal claim. To sustain an action under 42 U.S.C. § 1983, Plaintiff must demonstrate that: (1) she suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Prince George's County Office of Child Support is not a "person" subject to suit or liability under § 1983, and therefore Plaintiff has failed to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing for dismissal at any time if the Court determines a plaintiff filing *in forma pauperis* has failed to state a claim).

Plaintiff's complaint shall be dismissed. A separate Order dismissing the Complaint follows.

11/6/14
Date

Paul W. Grimm
United States District Judge